```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

-----------------------------------X
                                   :
UNITED STATES OF AMERICA,          :
                                   :      CRIMINAL NO.
            v.                     :      3:91-CR-55 (EBB)
                                   :
JEFFREY A. WALKER,                 :
                                   :
        Defendant.                 :
                                   :
-----------------------------------X
```

## **RULING ON MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582**

Jeffrey Walker ("Walker"), an inmate at the Fairton Federal Correctional Institution in Fairton, New Jersey, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), a statute which authorizes a court to reduce a sentence that is based on a Sentencing Guideline range that has been subsequently lowered by the Sentencing Commission.  He seeks a reduction due to Amendments 433 and 709 to the Sentencing Guidelines.  For the following reasons, the Motion is DENIED [doc. #135].

### **FACTUAL AND PROCEDURAL BACKGROUND**

The Court sets forth only those facts necessary to an understanding of the issues raised in Walker's Motion.

On August 13, 1991, a grand jury sitting in the District of Connecticut returned a one-count indictment charging Walker with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On April 16, 1992, a jury found Walker guilty of that offense.  The Presentence Report prepared by the

Probation Office calculated Walker's Sentencing Guideline range to be 292-365 months of imprisonment because he was an Armed Career Criminal under 18 U.S.C. § 924(e)(1).  More specifically, under Section 4B1.4, Walker's base offense level was 33 plus a two-level enhancement for obstruction of justice, which yielded a total offense level of 35.  Because Walker's criminal history category was VI, his Sentencing Guideline range was 292-365 months of imprisonment.

On October 20, 1992, this Court sentenced Walker to 292 months of imprisonment followed by a three year term of supervised release.  The U.S. Court of Appeals for the Second Circuit affirmed the conviction and sentence.  United States v. Brown, 996 F.2d 301 (Table) (2d Cir. 1993).

On July 24, 2008, Walker filed the instant motion to modify the term of his imprisonment pursuant to 18 U.S.C.§ 3582(c) based on Amendments 433 and 709 to the Sentencing Guidelines.  The Government filed a memorandum in opposition on June 3, 2009 and Walker filed a reply in support of his Motion on June 29, 2009.

## STANDARD OF REVIEW

"A district court may not generally modify a term of imprisonment once it has been imposed." Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007).  However, under 18 U.S.C. § 3582(c)(2), a court may reduce the term of imprisonment of a "defendant who has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) [requiring the Sentencing Commission to periodically review and revise the Sentencing Guidelines]."

## DISCUSSION

The Court may summarily dispense with Walker's argument that he should be resentenced due to Amendment 433.  That amendment went into effect and was incorporated into the Sentencing Guidelines on November 1, 1991.  Walker was sentenced on October 14, 1992.  Thus, because Amendment 433 was already part of the Sentencing Guidelines at the time of Walker's sentencing, there are no grounds to adjust his sentence pursuant to 18 U.S.C. § 3582(c)(2) because of that amendment.

"Amendment 709 took effect on November 1, 2007 and substantively changed the way that multiple prior sentences are counted in computing a defendant's criminal history under the [Sentencing] Guidelines." United States v. Figueroa, No. 88-CR-859 (JFK), 2008 U.S. Dist. LEXIS 96961, at * 1 (S.D.N.Y. Nov. 21, 2008).  A federal prisoner whose sentence has become final cannot take advantage of a later amendment to the Sentencing Guidelines unless that amendment is included in the list of retroactive amendments found in Section 1B1.10(c) of the Sentencing Guidelines.  Amendment 709 is not listed in Section 1B1.10(c), and therefore this Court has no authority to grant Walker's

Motion regarding Amendment 709.  See also United States v. Rosario, No. 00-CR-186 (TJM), 2009 U.S. Dist. LEXIS 49953, at *6 (N.D.N.Y June 8, 2009); Medina v. United States, No. 07-CV-1346, 02-CR-291 (TJM), 2008 U.S. Dist. LEXIS 97364, at *15-16 (N.D.N.Y. Dec. 1, 2008); Figueroa, 2008 U.S. Dist. LEXIS 96961, at * 1, Perez-Gallegos v. United States, No. 08-CV-1197, 04-CR-1274 (GEL), 2008 U.S. Dist. LEXIS 59931, at *14-16 (S.D.N.Y. Aug. 7, 2008); United States v. Schmidt, No. 92-CR-609 (KMW), 2008 U.S. Dist. LEXIS 55383, at *1-2 (S.D.N.Y. July 21, 2008) (all holding that because Amendment 709 is not listed in Section 1B1.10(c) of the Sentencing Guidelines, it cannot be retroactively applied).

## CONCLUSION

For the foregoing reasons, Walker's Motion [doc. #135] is DENIED.

SO ORDERED.

/s/
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 30th day of October, 2009.